Mr. Chief Justice Sharkey
delivered the opinion of the court. The trespass complained of in this case appears to have taken place, by the imprisonment of the appellee, by the commissioner appointed to take deposition in chancery. The appellee was summoned to appear before him, and refused; was then attached, and on refusing to testify was committed to jail. Twcj of the defendants were also defendants in the suit pending in chancery, and the other defendant was the solicitor. They were all present before the commissioner, and urged the committal. The appellee was one of the complainants in the suit in chancery.
Several errors are assigned by the appellants, all of which, I think, may be comprised in one question — had the commissioner power to attach and commit? This was the only point involved in sustaining the demurrer to the plea; the ground also on which the court refused to give the charge requested by the defendants, and the ground on which the evidence' offered by defendants was refused. If the commissioner had such power, and exercised it in pursuance of law, then the court erred in these three points; but if he had no such power, there was no error in the first three assignments.
By the 31st section of the act to establish and organise the court of chancery, the chancellor is authorised to appoint two commissioners in each county in the state to take depositions of witnesses in causes depending in the chancery court, and the clerk is to issue proper commissions to the persons so áppoinled. By the 32d section of the same act, the. duties and powers of such commissioners are prescribed and declared. They are in the first place empowered to administer an oath to the witness, and if the witness swear falsely, under such circumstances as would have constituted perjury, if done before a court of record, it is made perjury by the statute. They are in the next' place authorised to issue subpoenas for witnesses, rvhich are to be executed and returned, like subpoenas from the circuit courts. In the third place, if a subpoena be issued by the commissioner under the authority of the act, and served upon the witness named therein, and he or they, fail to attend, according to the requisitions of the subpoena, such commissioner shall report the default; and such proceedings shall be had thereon before the court, as if the witness *136 had failed to attend a circuit court, and the witness is made liable to the action of the party grieved.
The commissioners appointed by the chancellor derive their power solely from the statute under which they are appointed. They are officers of the court for a particular purpose, and their powers and duties being prescribed by the statute under which they are appointed, they cannot transcend those powers. If the statute had merely authorised the appointment of commissioners, without defining their powers, a greater latitude of power perhaps might be claimed for them. But, admitting their powers had not been defined by the act under which they are created, could it be contended that they possessed greater powers than like officers would under the English chancery system? That system is adopted in this country in regard to the jurisdiction and powers of the court when there is no statutory provision, and even if no limitation of power have been prescribed for commissioners. I do not think any greater power under any circumstances could be claimed for them* than is possessed by commissioners appointed by the court of chancery in England.
There they possessed neither power to compel the attendance of the witness nor to compel him to testify after he had attended; but in case a witness refused to attend, or, having attended, refused to testify, the fact was certified to the court by the commissioners, which certificate must also be accompanied by an affidavit of the service of the subpoena. The court could then make an order on the witness to attend and testify, or, on default, that he should be committed. 1 Harrison’s Chancery, 446 to 450; 2 Maddock’s Chancery, 407.
A similar rule prevails in New York, and the court here has adopted the New York practice. Our statute has given no power to the commissioner, to attach or imprison, but has pointed out the course to be pursued by the commissioner, in case a witness refuses to attend, and any other course would be illegal. It is true the statute makes no express provision in case the witness, after attending, refuses to testify, but the commissioner could do nothing more than certify the fact to the court, as he would a failure to attend, as both acts in effect would be the same — a denial of the disclosure sought by the court.
*137 It is contended by the counsel for the appellants, that the commissioners possess the power to commit by virtue of the 109th section of the circuit court law. That section provides that, “ if any person, summoned and attending when his evidence may be required, shall refuse to give evidence, &c., he shall be committed by the court commissioner or referees, &c.” This section is found in the circuit court law in that part of it providing for the attendance of witnesses, and obviously, from its language, relates particularly to that court. The 119th section of the same act provides a mode for getting witnesses before commissioners in cases depending in courts of law, and if the witness fail to attend, he is subject to the penalties prescribed for not attending in court. This latter section evidently refers to, and in truth is directly connected with the provisions of the 109th section, and both are applicable to the court of law.
It is tacitly admitted, that these sections in themselves do not properly apply, from a construction of them alone, to the court of chancery, but it is urged that the provisions in them are extended to the chancery court by the 109th section of the same act, which declares that “ all things herein contained, not restricted by their nature, or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever in this state.” Now the sections alluded to are not only restricted by their nature from operating in chancery proceedings, but a specific provision is made in relation to the taking of testimony to be used in that court, which is incompatible with the provisions of the section mentioned. Commissionsers in chancery are neither mentioned nor included, because a foregoing act prescribes the mode of their appointment and powers. As well might it be urged that all witnesses should be compelled to attend the court of chancery and be sworn in court. This is required by the circuit court law, but it is not applicable in the court of chancery, because, according to the rules of that court it proceeds by a different course.
The motion for a new trial depends also on the same question in a great measure; the reasons assigned being such as to present little else than an application, because the commissioner had power to imprison, and therefore the court erred in the charge. *138 The evidence shows that the appellee was imprisoned by the order of the commissioner, for the reasons stated, and if he had no such power, the verdict is sustained by the evidence.
There can be no question but all who were in any way concerned by being present and assisting'in effecting or urging the imprisonment, are equally guilty of the trespass, since the commissioner had no such power, and the act could not be official. 1 Chitty, 67-9; Johnson, 294; 11 Johnson, 285.
I have not thought it necessary to decide whether the applicants had a right to summon Williams as a witness, it being entirely clear to my mind that the commissioner had no right to commit even a common witness.
The judgment of the court below must be affirmed.
Note. — Mr. Justice Smith having presided on the trial below gave no opinion.